UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

KEVIN DARNELL BANKS,

    Petitioner,

v.

J. HOLLINGSWORTH,

    Respondent.

Civ. No. 13-4023 (RBK)

OPINION

---

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is federal prisoner currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the amount of federal prison credit time he should be awarded while he was in state custody. For the following reasons, the Court will dismiss the petition.

## II.    BACKGROUND

Petitioner was paroled from a Pennsylvania state sentence in 1998. *See Banks v. Holland*, No. 12-50, 2012 WL 4023725, at *1 (E.D. Ky. Sept. 12, 2012).[1] On December 16, 1999, petitioner was arrested by Philadelphia police on several offenses, including the unauthorized use and carrying of firearms. *See id.* Federal authorities subsequently took petitioner into federal custody on April 10, 2000, so that he could appear in federal court for a preliminary examination related to his state arrest. *See id.* On May 2, 2000, petitioner was

---

[1] The Court takes judicial notice of the judicial opinion from petitioner's prior habeas petition. *See McPherson v. United States*, 392 F. App'x 938, 940 (3d Cir. 2010) (taking judicial notice of the official record of prior court proceedings); *McTernan v. City of York, Pa.*, 577 F.3d 521, 526 (3d Cir. 2009) ("[A] court may take judicial notice of a prior judicial opinion.").

indicted in federal court of being a felon in possession of a firearm. Subsequently, petitioner was found guilty, and on February 6, 2001, received a sentence of 180 months imprisonment. *See id.*

Pennsylvania authorities dismissed petitioner's state firearms charges in light of his federal prosecution; however, petitioner still faced prosecution for violating his parole. *See id.* Petitioner returned to state custody on February 21, 2001, and federal authorities filed a federal detainer with the Pennsylvania Board of Probation and Parole. *See id.* Petitioner was ultimately sentenced to a twenty-four month term for violating his parole on May 31, 2001. *See id.*

Petitioner was given prior custody credit by Pennsylvania authorities from December 17, 1999 to April 10, 2000, "for the time he spent in state custody before the transfer to federal authorities for prosecution as well as credit spent in service of his in his state sentences from May 31, 2001, until his parole on July 2, 2003." *Id.* at *2. Petitioner began serving his federal sentence on July 2, 2003. The Bureau of Prisons gave petitioner 416 days of credit for time spent in federal custody, which included one day of credit for December 16, 1999, and 415 days from April 11, 2000 until May 31, 2001. *See id.*

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Kentucky in 2012. He claimed that he was entitled to credit against his federal sentence from December 16, 1999 through July 2, 2003. The Eastern District of Kentucky court noted that petitioner had first sought credit for this time from the Bureau of Prison's ("BOP") administrative remedy program. *See id.* That court noted that the BOP denied his request. *See id.*

The Eastern District of Kentucky court then moved to the merits of petitioner's habeas petition. The court determined that the BOP had properly not credited petitioner from December 17, 1999 to April 10, 2000, because Pennsylvania had already credited this time against

petitioner's state parole violator sentence. *See id.* at *3. That court also determined that the BOP had not abused its discretion when it did not credit petitioner with time spent in state custody from May 31, 2001 to July 2, 2003. *See id.*

Petitioner filed the instant habeas petition in the Eastern District of Pennsylvania in March, 2013. Petitioner raises the same grounds in this habeas petition that was denied on the merits by the Eastern District of Kentucky.[2] Specifically, petitioner argues that his sentence calculation is incorrect and the BOP has abused its discretion as he should be given full credit for the time he served from December 16, 2009 until July 2, 2003.

Respondent answered the petition and requested that the instant petition be transferred to this Court or dismissed as an "abuse of the writ." On May 22, 2013, the Eastern District of Pennsylvania transferred this action to this Court as petitioner is incarcerated at F.C.I. Fort Dix.

### III.   DISCUSSION

Section 2244(a) of Title 28 of the United States Code states that, "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." "The Supreme Court has held that the abuse of writ doctrine precludes inmates from relitigating the same issues in subsequent petitions *or* from raising new issues that could have been raised in an earlier petition." *Boardley v. Grondolsky*, 343 F. App'x 837, 839-40 (3d Cir. 2009) (per curiam) (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)). The Third Circuit has held that section 2244(a) also applies to successive section 2241 petitions regarding the execution of a sentence. *See*

---

[2] Indeed, petitioner admits that he raised the claims in the instant petition in his prior petition in filed in the Eastern District of Kentucky.

*Alden v. Warden, U.S. Penitentiary Allenwood*, 444 F. App'x 514, 516 (3d Cir. 2011) (per curiam) ("'[A]buse-of-the-writ doctrine applies to section 2241 petitions[.]'") (quoting *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008)).

> Under the abuse of the writ doctrine, a federal court "may not reach the merits of: (a) successive claims that raise grounds identical to grounds heard and decided on the merits in a previous petition; (b) new claims, not previously raised, which constitute an abuse of the writ," unless a habeas petitioner shows cause and prejudice or a fundamental miscarriage of justice.

*Hickman v. Zickefoose*, No. 11-5499, 2012 WL 1044508, at *2 n.1 (D.N.J. Mar. 28, 2012) (quoting *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992)); *see also Alden*, 444 F. App'x at 516 ("A petitioner may justify his prior omission by showing cause and prejudice for his failure to earlier raise a claim. And [i]n a case in which a successive petition includes a claim for relief already fully considered and rejected . . . the petitioner [must] show that 'the ends of justice' would be served by the court entertaining the petition.") (internal quotation marks and citations omitted). "A fundamental miscarriage of justice may arise where 'a petitioner supplements a constitutional claim with a colorable showing of factual innocence.'" *Boardley*, 343 F. App'x at 840 (quoting *McCleskey*, 499 U.S. at 495).

In this case, the instant habeas petition presents claims that were dismissed on the merits by the Eastern District of Kentucky in petitioner's prior § 2241 petition. Thus, section 2244(a) bars this Court from entertaining the instant § 2241 petition. However, the Court cannot rule out the possibility that petitioner may be able to establish cause and prejudice or that a fundamental miscarriage of justice would occur by failing to entertain his claims. Therefore, the Court will grant petitioner thirty days to file a statement which sets forth a basis for cause and prejudice and/or that a fundamental miscarriage of justice would result from failing to entertain petitioner's claims on the merits. *See Alden*, 444 F. App'x at 516 (noting that the District Court may have

erred by dismissing the petition *sua sponte* for abuse of the writ without giving petitioner prior notice and an opportunity to respond).

This action will be administratively closed for statistical purposes. However, the court will retain jurisdiction over the matter for thirty days and reopen the action if petitioner files a statement setting forth cause and prejudice and/or that a miscarriage of justice will result if the Court does not entertain the instant petition on the merits.

## IV.   CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed. An appropriate order will be entered.

DATED:   9-25-13

_____
ROBERT B. KUGLER
United States District Judge